UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN PECORELLI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA AND ) <br> THE UNITED STATES POSTAL SERVICE ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. <br><br><br> MAY 14, 2021 |

## COMPLAINT

Plaintiff, **KEVIN PECORELLI,** by and through her undersigned attorneys, now come before this Court and complain of **THE UNITED STATES OF AMERICA AND THE UNITED STATES POSTAL SERVICE** as follows:

## JURISDICTION AND VENUE:

1. The plaintiff, **KEVIN PECORELLI,** at all times relevant hereto resided in the City of Bristol, State of Connecticut.

2. The claims herein are brought against defendants, **THE UNITED STATES OF AMERICA AND THE UNITED STATES POSTAL SERVICE**, pursuant to the Federal Tort Claims Act, § 2671, *et seq.* and 28 U.S.C. § 1346(b)(1), for monetary damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of the employees of the United States Government while acting within the scope of their

employment and/or offices, under circumstances where the defendants, **THE UNITED STATES OF AMERICA AND THE UNITED STATES POSTAL SERVICE**, if a private person, would be liable to the plaintiff, **KEVIN PECORELLI**, in accordance with the laws of the State of Connecticut.

3. Venue is proper in that all of the acts and omissions forming the basis of these claims occurred in the State of Connecticut and arose from a motor vehicle collision that occurred in the State of Connecticut.

4. The plaintiff, **KEVIN PECORELLI**, has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

5. This underlying action has been timely filed in that on or about January 28, 2020 the plaintiff, **KEVIN PECORELLI**, timely served notice of his claim on The United States Postal Service and amended such claim on or about October 8, 2020.

6. On or about April 16, 2021 the defendant, **THE UNITED STATES POSTAL SERVICE**, provided correspondence that "such claim involves issues best resolved in court" and accordingly denied the claim.

7. Jurisdiction exists under Title 28 U.S.C. § 1346.

**STATEMENT OF FACTS:**

8. On April 17, 2018, at approximately 9:50 a.m., the plaintiff, **KEVIN PECORELLI** was the operator of a motor vehicle that was traveling in a northerly direction on Main Street and

Page 2

**MOORE, O'BRIEN & FOTI** • *ATTORNEYS AT LAW*
**891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762 • TEL: 203-272-5881 • JURIS NO.: 408519**

had reached a point in the roadway at its intersection with Hatters Lane, both public streets or highways in Farmington, Connecticut.

9. At same time and place, Jonathan L. Debigare, was the operator of a motor vehicle that was traveling in a westerly direction on Hatters Lane and had reached a point in the roadway at its intersection with Main Street.

10. At all times mentioned herein, westerly bound traffic on Hatters Lane was governed by a stop sign at its intersection with Main Street.

11. At the same time and place, the motor vehicle operated by Jonathan L. Debigare suddenly and without warning entered the intersection, and collided with the motor vehicle occupied by the plaintiff, thereby causing the plaintiff, **KEVIN PECORELLI**, to suffer the injuries and losses more fully set forth below.

## COUNT I - NEGLIGENCE VS. THE UNITED STATES OF AMERICA:

12. The motor vehicle operated by Jonathan L. Debigare was owned by the defendant, **THE UNITED STATES OF AMERICA**.

13. The collision was caused by the negligence of the defendant, Jonathan L. Debigare, in one or more of the following ways:

    a) He failed to keep a reasonable and proper lookout for other vehicles on the road;

    b) He failed to turn or swerve so as to avoid the collision;

    c) He failed to apply the brakes in time to avoid the collision;

MOORE, O'BRIEN & FOTI • *ATTORNEYS AT LAW*
891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762 • TEL: 203-272-5881 • JURIS NO.: 408519

d)  He failed to sound the horn or give a timely warning of the impending collision;

e)  He failed to keep the vehicle under proper control;

f)  He was inattentive in the operation of the vehicle;

g)  He operated the vehicle at a rate of speed greater than is reasonable, having due regard to the width, traffic, and use of the highway, road or parking area, the intersection of streets and weather conditions, in violation of § 14-218a of the Connecticut General Statutes;

h)  He drove the vehicle in such proximity to another vehicle so as to obstruct or impede traffic, in violation of § 14-240(b) of the Connecticut General Statutes;

i)  He failed to stop in obedience to a stop sign and/or failed to yield the right of way to the plaintiff's vehicle in violation of § 14-301(c) of the Connecticut General Statutes;

j)  He failed to drive the vehicle as nearly as practicable entirely within a single lane and moved the vehicle from such lane before ascertaining that such movement could be made with safety, in violation of § 14-236(1) of the Connecticut General Statutes;

k)  He moved the vehicle which was stopped, standing or parked when such movement could not be made with reasonable safety and without interfering with other traffic, in violation of § 14-243(a) of the Connecticut General Statutes; and/or

MOORE, O'BRIEN & FOTI • *ATTORNEYS AT LAW*
891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762 • TEL: 203-272-5881 • JURIS NO.: 408519

l) He failed to yield the right of way to the plaintiff, in violation of § 14-245 of the Connecticut General Statutes.

14. The plaintiff, **KEVIN PECORELLI**, was injured as a direct result of the collision, the same having been directly and proximately caused by the negligent acts of Jonathan L. Debigare.

15. At all times mentioned herein, Jonathan L. Debigare was operating the vehicle as an officer, agent, servant, and/or employee of the defendant, **THE UNITED STATES OF AMERICA**, and was operating within the scope of his employment.

16. Jonathan L. Debigare is an employee of the defendant, **THE UNITED STATES OF AMERICA**, and therefore is an employee of the government within the meaning of Title 28 U.S.C. § 2671.

**COUNT II - NEGLIGENCE VS. THE UNITED STATES POSTAL SERVICE:**

17. The motor vehicle operated by Jonathan L. Debigare was owned by the defendant, **THE UNITED STATES POSTAL SERVICE**.

18. The collision was caused by the negligence of the defendant, Jonathan L. Debigare, in one or more of the following ways:

a) He failed to keep a reasonable and proper lookout for other vehicles on the road;

b) He failed to turn or swerve so as to avoid the collision;

c) He failed to apply the brakes in time to avoid the collision;

Page 5

**MOORE, O'BRIEN & FOTI** • *ATTORNEYS AT LAW*
**891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762** • **TEL: 203-272-5881** • **JURIS NO.: 408519**

d) He failed to sound the horn or give a timely warning of the impending collision;

e) He failed to keep the vehicle under proper control;

f) He was inattentive in the operation of the vehicle;

g) He operated the vehicle at a rate of speed greater than is reasonable, having due regard to the width, traffic, and use of the highway, road or parking area, the intersection of streets and weather conditions, in violation of § 14-218a of the Connecticut General Statutes;

h) He drove the vehicle in such proximity to another vehicle so as to obstruct or impede traffic, in violation of § 14-240(b) of the Connecticut General Statutes;

i) He failed to stop in obedience to a stop sign and/or failed to yield the right of way to the plaintiff's vehicle in violation of § 14-301(c) of the Connecticut General Statutes;

j) He failed to drive the vehicle as nearly as practicable entirely within a single lane and moved the vehicle from such lane before ascertaining that such movement could be made with safety, in violation of § 14-236(1) of the Connecticut General Statutes;

k) He moved the vehicle which was stopped, standing or parked when such movement could not be made with reasonable safety and without interfering with other traffic, in violation of § 14-243(a) of the Connecticut General Statutes; and/or

MOORE, O'BRIEN & FOTI • ATTORNEYS AT LAW
891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762 • TEL: 203-272-5881 • JURIS NO.: 408519

l)  He failed to yield the right of way to the plaintiff, in violation of § 14-245 of the Connecticut General Statutes.

19. The plaintiff, **KEVIN PECORELLI**, was injured as a direct result of the collision, the same having been directly and proximately caused by the negligent acts of Jonathan L. Debigare.

20. At all times mentioned herein, Jonathan L. Debigare was operating the vehicle as an officer, agent, servant, and/or employee of the defendant, **THE UNITED STATES POSTAL SERVICE**, and was operating within the scope of his employment.

21. Jonathan L. Debigare is an employee of the defendant **THE UNITED STATES POSTAL SERVICE**, and therefore is an employee of the government within the meaning of Title 28 U.S.C. § 2671.

**DAMAGES**:

22. By reason of said negligence and collision as aforesaid, and as a proximate result thereof, the plaintiff, **KEVIN PECORELLI**, suffered:

   a. Cervical pain and stiffness

   b. Cervical radiculopathy extending into the right arm and shoulder;

   c. Right arm weakness and numbness;

   d. Low back pain with left leg radiculopathy;

   e. Herniated cervical discs and/or exacerbation of pre-existing cervical herniated discs requiring surgical intervention;

Page 7

**MOORE, O'BRIEN & FOTI** · *ATTORNEYS AT LAW*
**891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762** • TEL: 203-272-5881 • JURIS NO.: 408519

    f.  Exacerbation of pre-existing lumbar condition; and

    g.  Pain and suffering, both physical and mental.

23. The plaintiff, **KEVIN PECORELLI**, further alleges the injuries will result in some disability to him, all to his general damage in an amount excess of ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($1,500,000.00).

24. In addition to the general damages sustained by the plaintiff, **KEVIN PECORELLI**, he has suffered substantial expenses which he has incurred and will continue to incur, including but not limited to, expenses for medical treatment including the service of doctors, hospital and the like, all in the amount in excess of ONE HUNDRED TWENTY-TWO THOUSAND SEVEN HUNDRED EIGHTY AND 84/100 DOLLARS ($122,780.84), the exact amount to be proven at trial.

25. As a further proximate result of the herein alleged negligence and collision as aforesaid, the plaintiff, **KEVIN PECORELLI**, suffered permanent impairment, physical and emotional pain and suffering, was not able to perform his usual and customary activities for a period of time, was required to curtail his recreational, social, and other activities during said period of time, and in the future may and/or will continue to incur further restrictions and pain and suffering, all to his further special damage in an amount to proven at trial.

Page 8

**MOORE, O'BRIEN & FOTI** • *ATTORNEYS AT LAW*
**891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762 • TEL: 203-272-5881 • JURIS NO.: 408519**

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff, **KEVIN PECORELLI**, respectfully requests judgment as follows:

1. General and special damages in excess of $1,500,000.00

2. Special damages in excess of $122,780.84, the exact amount to be proven at trial;

3. Reasonable attorney fees and costs of suit; and

4. Such other relief as the Court may deem proper.

Dated this 14th day of May, 2021.

THE PLAINTIFF,
KEVIN PECORELLI

By:_____
Gregory E. O'Brien, Esq.
(ct04363)
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Phone: 203-272-5881
Email: gobrien@mojylaw.com